UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NAAFIZ K. LOWRIE,

    Plaintiff,

v.                                                                Case No. 5:24-cv-138-TKW-MJF

OFFICER MCCOLLOUGH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Naafiz Lowrie, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because Lowrie's complaint fails to state a claim on which relief can be granted.

### I. BACKGROUND

**A.** **Lowrie's Compliant**

Lowrie is an inmate of the Florida Department of Corrections. Doc. 1. Lowrie is suing Officer McCullough, a prison official at the Jackson Correctional Institution. *Id*. Lowrie alleges that on June 12, 2024, McCullough used excessive force when McCullough placed his left hand

Page 1 of 8

on Lowrie's neck and "squeez[ed] it hard" while Lowrie was handcuffed, which caused Lowrie to "los[e] [his] footing." *Id.* at 7.

The force occurred after McCullough cuffed Lowrie and stated, "Watch what I'ma do to you boy." *Id.* at 7. Lowrie "then snatch[ed] [his] arm away from [McCullough] and got in front of [McCullough's] face and told him 'Why you fucking with me.'" *Id.* Another officer (Sergeant Jenkins) grabbed Lowrie, and that is when McCullough placed his hand on Lowrie's throat and squeezed. Jenkins told McCullough to stop, and McCullough complied. *Id.* at 7. Lowrie is suing McCullough for nominal and punitive damages. *Id.* at 11.

**B.  The Undersigned Ordered Lowrie to Replead**

On September 26, 2024, the undersigned screened Lowrie's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Doc. 14. The undersigned outlined the Eighth-Amendment standard applicable to excessive-force claims, and explained to Lowrie why his allegations failed to satisfy that standard. *Id.* at 3-6. The undersigned ordered Lowrie to replead or file a notice of voluntary dismissal by October 25, 2024, and warned Lowrie that failure to comply with the order likely would result in this case being dismissed for failure to state a claim, failure to

prosecute and failure to comply with a court order. *Id.* at 9. To date, Lowrie has not complied with the September 26 order, and has not responded to the 14-day show cause order entered on November 13, 2024. Doc. 17.

## II. RELEVANT LEGAL STANDARDS

### A. Screening Standard Under 28 U.S.C. §§ 1915(e)(2) and 1915A

Because Lowrie is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In reviewing a complaint, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions", however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## B. <u>Eighth-Amendment Standard</u>

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived

the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

Under the Eighth Amendment, "[f]orce that is 'applied in a good-faith effort to maintain or restore discipline' is acceptable, while force that is inflicted 'maliciously and sadistically to cause harm' is prohibited." *Williams v. Radford*, 64 F.4th 1185, 1196 (11th Cir. 2023) (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "[U[nreasonable or unnecessary force does not necessarily constitute *excessive* force for purposes of the Eighth Amendment." *Williams*, 64 F.4th at 1196 (emphasis added) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

A prisoner asserting an Eighth-Amendment excessive-force claim must prove two elements—one subjective and the other objective. *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020). The prisoner must establish that the prison official "acted with a sufficiently culpable state of mind" and that the official's conduct was "objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Courts use primarily five factors to evaluate the subjective element: "[1] the need for application of force, [2] the relationship between that need and the amount of force used, [3] the threat 'reasonably perceived by the responsible officials,' . . . [4] 'any efforts made to temper the severity of a forceful response,'" and "[5] [t]he absence of serious injury." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). This evaluation "give[s] a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (quotation marks omitted).

Under the objective element, the use of force must be "harmful enough" or "sufficiently serious." *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021). That is because the Eighth Amendment does not preclude *de minimis* uses of force. *Id.* at 1195. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37; *see also Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) ("[A] minimal amount of force and injury . . . will not defeat an officer's qualified immunity.").

### III.  DISCUSSION

Lowrie's allegations fail to state a claim for a violation of the Eighth Amendment. Viewed objectively, the force McCullough employed was *de minimis*. *Wilkins*, 559 U.S. at 37. Lowrie's allegations also fail to raise a reasonable inference that McCullough's force—gauged under the *Hudson/Whitley* factors—was applied "maliciously and sadistically for the very purpose of causing harm," as opposed to "in a good-faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 37; *Hudson*, 503 U.S. 7-8, *Whitley*, 475 U.S. at 320-21.

### IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. **DIRECT** the clerk of court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>10th</u> day of December, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**